# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MARK ALLEN SHIFLETT, ) | |
|     Petitioner, ) | Civil Action No. 7:06cv00519 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CHARLES T. FELTS, WARDEN,[1] ) | By: Samuel G. Wilson |
|     Respondent. ) | United States District Judge |

Petitioner Mark Allen Shiflett, a Federal inmate currently incarcerated at the Federal Correctional Institution at Beckley, West Virginia ("FCI Beckley") and proceeding pro se, brings this 28 U.S.C. § 2241 action challenging a detainer lodged against him with the Bureau of Prisons by Virginia state authorities. Shiflett claims that the Virginia authorities have violated the terms of the Interstate Agreement on Detainers because they "failed to grant a lawful disposition [of the charges pending against him], upon request." The court finds that Shiflett has failed to exhaust his available state court remedies and therefore dismisses his petition without prejudice.

## I.

Shiflett initially filed this § 2241 petition with this court on August 28, 2006. By Order dated September 15, 2006, this court transferred his case to the U.S. District Court for the Southern District of West Virginia on the basis that he is currently incarcerated at FCI Beckley in Beaver, West Virginia. The District Court in West Virginia accepted the case and issued an order to show cause, directing the respondent to file an answer and show cause why the court should not grant the petitioner the relief sought. On October 18, 2006, respondent filed an answer to the order to show

---

[1] Petitioner named the City of Harrisonburg, at Rockingham County, Virginia, as the respondent in his petition. However, in a petition for a writ of habeas corpus under 28 U.S.C. § 2241, the proper respondent is the Petitioner's custodian, in this case the Warden at FCI Beckley. Upon receipt of the transfer, the U.S. District Court for the Southern District of West Virginia substituted this proper defendant by Order entered October 11, 2006. Accordingly, this court will also substitute Charles T. Felts, the Warden at FCI Beckley, as the proper defendant in this action.

cause, arguing that petitioner failed to exhaust his state court remedies and seeking to have the case dismissed on that ground, or in the alternative transferred back to U.S. District Court for the Western District of Virginia as a more convenient forum. The court gave Shiflett until November 30, 2006 to file a reply or objections to respondent's answer, however Shiflett never responded. By Order, entered January 24, 2007, the District Court in West Virginia transferred the case back to this court as a more convenient forum based on the principles set out in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). This court accepts the transfer and, for administrative purposes, reinstates this case to the active docket of the court.

## II.

A federal district court will not entertain a habeas petition attacking an interstate detainer until the petitioner has exhausted his state remedies. See Braden, 410 U.S. at 489 (requiring a prisoner attacking an interstate detainer through federal habeas corpus to exhaust his state court remedies before a federal court would consider the constitutional claim). To exhaust a claim, the petitioner must have sought review in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S.Ct. 1728 (1999). In Virginia, a non-death row felon ultimately must present his claim to the Supreme Court of Virginia and receive a ruling from that court before a federal district court may consider his claims. Va. Code § 8.01-654. In this case, Shiflett has not presented any evidence that he has exhausted his state court remedies before he filed the instant action. Further, he was given the opportunity to reply to respondent's contention that he had not exhausted his state court remedies but did not respond. Accordingly, the court finds that Shiflett has failed to exhaust his state court remedies.

## III.

For the reasons states, the court dismisses Shiflett's 28 U.S.C. § 2241 petition without

prejudice for failing to exhaust state court remedies.

The clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

**ENTER**: This 31st day of January, 2007.

United States District Judge